UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20083-CIV-DAMIAN

**RACHELL SANCHEZ,** *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

**INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.,**

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 12]

**THIS CAUSE** is before the Court upon Plaintiff, Rachell Sanchez's, Motion for Default Judgment Against Defendant, International Star Registry of Illinois, Ltd., [ECF No. 12] ("Motion"), filed March 5, 2024.

THE COURT has reviewed the Motion and supporting documents, the record in this case, and the applicable law and is otherwise fully advised. Defendant has not responded to the Motion or otherwise appeared in this case.

### I.  BACKGROUND

On January 9, 2024, Plaintiff brought this action against Defendant on behalf of herself and a class of similarly situated individuals seeking damages, an injunction, and declaratory relief for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See generally* Complaint [ECF No. 1]. On January 15, 2024, Plaintiff served a copy of the Summons and Complaint on Defendant at its principal place of business. *See* ECF No. 8. Defendant failed to answer or otherwise respond within the time permitted by Federal Rule

of Civil Procedure 12. On February 13, 2024, upon Plaintiff's motion for entry of a clerk's default [ECF No. 9], the Clerk of Court entered a default against Defendant. [ECF No. 10].

Upon the Clerk's entry of default against Defendant, the Court issued a Notice of Court Practice Upon Entry of Default instructing Plaintiff to file a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). [ECF No. 11]. Thus, on March 5, 2024, Plaintiff filed the Motion now before the Court, seeking entry of a final judgment of default against Defendant as to Plaintiff's individual claims pursuant to Rule 55, as well as leave to conduct class discovery in aid of execution of the judgment pursuant to Federal Rule of Civil Procedure 69. [ECF No. 12].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead or otherwise defend a complaint filed against it. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'" (quoting Fed. R. Civ. P. 55(a))). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] However, a defendant's default alone does not require the court to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a default judgment, there must be a sufficient basis in the pleadings to support the entry of judgment. *Id.* "The defendant is not held to admit facts

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 1007).

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See id.* at 1544. A hearing is not mandatory on the issue of damages if sufficient evidence is submitted to support the claimed damages. *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015).

### III.     ANALYSIS

Plaintiff seeks entry of a final judgment of default against Defendant for statutory damages based on two violations of the TCPA.[2] In addition, Plaintiff requests leave to conduct discovery to ascertain the class size and damages for purposes of class certification.

---

[2] As stated in her Memorandum in support of the Motion, Plaintiff is no longer seeking injunctive or declaratory relief. *See* ECF No. 13 at 4.

3

The Court first addresses Plaintiff's individual TCPA claims and then Plaintiff's request to conduct discovery in support of her proposed motion to certify a class.

### A. *Plaintiff's Individual TCPA Claims.*

Plaintiff brings this putative class action against Defendant under the TCPA. In the Class Action Complaint, Plaintiff alleges Defendant is an Illinois-based company that sells celestial body naming rights to consumers across the United States and utilizes aggressive marketing to promote its business. Compl. ¶ 3. In the course of its advertising, Defendant allegedly sends unsolicited text messages to individuals who have registered their cellphone numbers on the National Do Not Call Registry ("DNC Registry"). *Id.* ¶ 28. Plaintiff alleges that her cellphone number has been registered on the DNC Registry since June 24, 2021. *Id.* ¶ 20. Plaintiff also alleges that she never gave Defendant prior written consent to send Plaintiff text messages. *Id.* ¶ 17. Despite registration on the DNC Registry and the absence of Plaintiff's consent, in August 2023, Defendant allegedly began "bombarding" Plaintiff's cellphone number with telemarketing text messages—including discount codes and links to Defendant's business website. *Id.* ¶¶ 11–14; [ECF No. 13 at 2].

Based on these allegations, Plaintiff filed this lawsuit asserting Defendant violated the TCPA's prohibition on soliciting phone numbers on the DNC Registry, also known as the "do-not-call" provision. Compl. ¶¶ 36–42. As further alleged in the Class Action Complaint, Defendant has sent unsolicited text messages to telephone numbers belonging to thousands of consumers throughout the United States who are registered on the DNC Registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200. *Id.* ¶ 28. Plaintiff seeks statutory, actual, and treble damages for Defendant's alleged statutory violations, as well as declaratory

relief and an injunction enjoining Defendant from continued unsolicited telephone advertisement. *Id.* at 8–9.

### 1. Liability Under The TCPA.

The TCPA creates a private right of action for anyone who receives more than one call[3] within a year from the same entity in violation of these regulations and provides for damages in the form of either actual monetary loss or $500 in statutory damages for each violation, whichever is greater. *See* 47 U.S.C. §§ 227(c)(5); 227(b)(3)(B); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). "The TCPA does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011) (citing *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008)). If the court finds that a defendant has willfully or knowingly violated the TCPA, then the Court may, in its discretion, award treble damages. 47 U.S.C. § 227(b)(3).

Here, as noted above, Plaintiff alleges she received two unsolicited text messages from Defendant to her cellular telephone number which is registered on the DNC Registry. Based on Plaintiff's allegations, which are deemed admitted by virtue of Defendant's default, the Court finds that Plaintiff has sufficiently established her entitlement to recover against Defendant for violations of the TCPA. The Court now turns to assessing whether Plaintiff is entitled to damages under the TCPA.

### 2. Damages Under The TCPA.

Where a request for monetary relief is made, the Court may enter judgment without a hearing only if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum

---

[3] A text message to a cellular telephone qualifies as a "call" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

which can by computation be made certain," "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages. *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005); *see also Adolph Coors*, 777 F.2d at 1543; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Here, Plaintiff requests an award of $500 for each violation, pursuant to the TCPA, plus post-judgment interest. *See* 47 U.S.C. § 227(b)(3)(B). Since Plaintiff received two unsolicited text messages from Defendant, Plaintiff requests a total of $1,000 in statutory damages for her individual TCPA claims. *See* Mot. at 2. Upon review, the Court finds that a hearing is not required to determine the damages award as there is "sufficient evidence in the record to establish Plaintiff's statutory damages pursuant to the TCPA." *Brown v. Care Front Funding*, No. 8:22-CV-2408, 2023 WL 3098355, at *5–6 (M.D. Fla. Apr. 6, 2023) (citing *Jeffery v. E. Asset Servs., LLC*, No. 8:17-cv-1361, 2018 WL 3999663, at *2 (M.D. Fla. July 27, 2018), *report and recommendation adopted*, 2018 WL 3999639 (M.D. Fla. Aug. 21, 2018) (awarding TCPA damages without requiring hearing)).

Because "[t]he TCPA does not require any intent for liability except when awarding treble damages," the Court finds Plaintiff is entitled to $500 for each of Defendant's unsolicited text messages to Plaintiff's cellular phone in violation of the TCPA, for a total of $1,000. *See Alea London Ltd.*, 638 F.3d at 776 (citing *Penzer*, 545 F.3d at 1311). Plaintiff's Complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA. Accordingly, the Court will not award more than $1,000 ($500 per violation), which shall accrue post-judgment interest at the applicable legal rate until paid in full. *See Alvarado v. Featured Mediation, LLC*, No. 8:16-CV-3259, 2017 WL

1552248, at 2 (M.D. Fla. May 1, 2017) (awarding post-judgment interest in motion for default judgment for violations of TCPA).

      **B.**    *Request For Leave To Conduct Class Certification And Damages-Related Discovery.*

In the Complaint, Plaintiff seeks to represent a class of similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a) and (b), and, therefore, she seeks class certification. *See* Compl. ¶¶ 25–35. Plaintiff estimates there are several thousand, if not more, members in the purported class she wishes to certify. *Id.* ¶ 27. Since Defendant has refused to participate in this case, however, Plaintiff cannot, without discovery, attempt to demonstrate the elements for certification of a class. Plaintiff therefore seeks discovery to identify recipients of Defendant's text messages, if any, and to determine the total number of text messages each class member received in order to calculate damages.

In the Motion, Plaintiff cites Federal Rule of Civil Procedure 69 in support of her request to obtain class discovery. *See* ECF No. 13 at 4. However, Rule 69 does not provide the proper procedure for obtaining class discovery, which Plaintiff now seeks to pursue. Rule 69 provides that "[i]n aid of the judgment or execution . . . the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." The intent of Rule 69 is "to establish an effective and efficient means of securing the execution of judgments," including "the securing of information relating to the assets of the judgment debtor." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967); *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd*, 573 U.S. 134 (2014) ("The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting the judgment.").

Plaintiff does not seek to conduct discovery in aid of collecting on her individual $1,000 judgment. Rather, she seeks leave to conduct class certification discovery.

In cases, like the instant case, where district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages. *See Partington v. Am Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (holding that class members could not use a default judgment to establish the class was judgment creditors when the district court never formally certified the class); *Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003) (holding that the district court improperly awarded class damages when no class had been certified). "The reason for this rule is because the prerequisites in Rule 23 serve 'the important function of protecting absent class members whose rights may be affected by the class certification.'" *Saade v. Insel Air*, No. 17-22003-CIV, 2019 WL 2255580, at *2 (S.D. Fla. Apr. 4, 2019) (Torres, J.) (quoting *Hutchins*, 321 F.3d at 649), *report and recommendation adopted*, 2019 WL 9093468 (July 15, 2019) (Williams, J.). As such, "[r]elief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974) (citation omitted).

"However, in cases where a defendant failed to appear, an entry of default by the clerk of the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant." *Saade*, 2019 WL 2255580, at *2 (citing *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014); *Leider v. Ralfe*, No. 1:01-CV-3137, 2003 WL 24571746, at *8–13 (S.D.N.Y. Mar. 4, 2003) (conducting class certification analysis following defendant's default and denying certification for failure to meet requirements of Rule 23); *Trull v. Plaza Assocs.*, 1998 WL 578173, at *1, 4 (N.D. Ill. Sept.

3, 1998) (denying without prejudice the certification of a class after defendant's default); *In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 376 n. 1, 386–87 (S.D.N.Y. 1996) (certifying a class against co-defendants after one defendant's default)); *see also Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 687 F. App'x 10, 12 (2d Cir. 2017) ("[W]e conclude that the district court abused its discretion by denying as moot Acticon's motion for class certification . . . . As Acticon correctly notes, no default judgment had been entered prior to its motion for class certification.").

Consistent with the foregoing authority, the Court finds that a clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because "any other conclusion might give defendants an incentive to default in situations where class certification seems likely." *Leider*, 2003 WL 24571746, at *8. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages, and the Court will only certify a class action if satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). A plaintiff who seeks to certify a case as a class action bears the burden of establishing these requirements. *See Heaven v. Trust Co. Bank*, 118 F.3d 735, 737(11th Cir. 1997) (citing *Gilchrist*, 733 F.2d at 1556; *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)).

Therefore, Plaintiff must establish the prerequisites of Rule 23 in order for this Court to certify a class action and thereafter enter default judgment and award class damages. *Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, *2 (S.D. Fla. Jan. 10, 2019); *see also Turner v. Coyote's on the Boulevard, Inc.*, No. 08-61072-CIV, 2009 WL 10667068, at *2 (S.D. Fla. June 12, 2009) (Marra, J.) (granting default judgment as to liability only and granting

plaintiff's request for leave to conduct discovery in support of motion for class certification); *Mihelis v. Network Com. Serv., Inc.*, No. CV 11-2215, 2014 WL 4828875, at *5 (E.D.N.Y. Aug. 8, 2014) (declining to award class damages to plaintiff before any motion was filed to certify the class); *see also EM Ltd.*, 695 F.3d at 207.

As other courts in this District have found, it would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, solely because Defendant failed to participate in this case. *See Leo v. Classmoney.net*, 2019 WL 238548, at *2; *Martie v. M&M Bedding, LLC*, No. 2:20-cv-43-FtM-38NPM, 2020 WL 8996698, at *2 (M.D. Fla. May 18, 2020). As such, although Defendant has failed to appear in this action, this Court will permit class certification-related discovery in this matter. Plaintiff is therefore granted leave to conduct discovery relating to the prerequisites for class certification under Federal Rule of Civil Procedure 23. *See Turner*, 2009 WL 10667068, at *2; *see also Yarger v. Fresh Farms, LLC*, No. 2:19-CV-2767, 2020 WL 4673229, at *9 (D. Kan. Aug. 12, 2020) (granting leave to conduct class certification discovery notwithstanding Defendant's default for violation of the TCPA).

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment [**ECF No. 12**] is **GRANTED IN PART AND DENIED IN PART**. Judgment is hereby entered in Plaintiff's favor against Defendant, International Star Registry of Illinois Ltd., as to liability only. The Court reserves jurisdiction to determine damages at a future time. It is further

**ORDERED AND ADJUDGED** that Plaintiff may proceed to conduct discovery in support of her proposed motion to certify a class. It is further

**ORDERED AND ADJUDGED** that by **September 18, 2024**, Plaintiff shall complete all class discovery and file her motion for class certification.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 18th day of June, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

International Star Registry of Illinois, Ltd.
1461 Paddock Drive
Northbrook, IL 60062